UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| RUDOLPH GAGUSKI, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 1:24-cv-347 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| MOCCASIN BEND, TENN., *et al.*, | ) | Magistrate Judge Lee |
| | ) | |
| *Defendants*, | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate in the Polk County Detention Center, filed a complaint for violation of 42 U.S.C. § 1983 [Doc. 1], various amendments and supplements to the complaint [Docs. 4, 7, 9, 10, 11, 14, 15], motions for summonses [Docs. 5, 13], and two motions for leave to proceed *in forma pauperis* [Docs. 6, 12]. The United States District Court for the Middle District of Tennessee transferred this action to this Court [Doc. 16].

Plaintiff's motions regarding proceeding *in forma pauperis* [Docs. 6, 12], however, do not include the required documents for the Court to grant him leave to proceed *in forma pauperis*.[1] Accordingly, on October 31, 2024, after this action was transferred to this Court, the Clerk sent Plaintiff a notification that if he did not file the required *in forma pauperis* documents within twenty days, this matter would be administratively closed [Doc. 22 at 1]. Plaintiff did not respond

---

[1] Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner who files a complaint in a district court must tender the full filing fee *or* he must file (1) an application to proceed *in forma pauperis* without prepayment of fees *and* (2) "a certified copy of [his] inmate trust account statement (or institutional equivalent) [] for the 6-month period immediately preceding the filing of the complaint. . . ." 28 U.S.C. § 1915(a)(2). Plaintiff's motions for leave to proceed *in forma pauperis* [Docs. 6, 12] do not include a form application to proceed *in forma pauperis*, a certified copy of his inmate trust account statement, or the institutional equivalent of the certificate.

to this notification or otherwise communicate with the Court.[2]  Accordingly, this action will be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))).  The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely respond to the Clerk's notice was due to Plaintiff's willfulness or fault.  Specifically, it appears that Plaintiff received the Clerk's notice but chose not to comply therewith.  As to the second factor, the Court finds that Plaintiff's failure to comply with the Clerk's notice has not prejudiced Defendants.  As to the third factor, as set forth above, the Clerk warned Plaintiff that failure to timely comply with her notice would result in this action being closed [*Id.*].  Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as Plaintiff sought to proceed *in forma pauperis* herein but failed to comply with clear instructions, and it does not appear that he seeks to prosecute this

---

[2] Also, in his original complaint, Plaintiff stated that he would be released in the beginning of October 2024 [Doc. 1 at 4].  That said, Plaintiff has not notified the Court of any change of address, nor has he filed anything in this case since late September [Docs. 14, 15].

2

action. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's order or seeking an extension of time to do so, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED WITHOUT PREJUDICE**. The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. An appropriate Judgment Order will enter.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**